T.C. Memo. 2000-126


UNITED STATES TAX COURT


DANIEL FRANKLIN HAINES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4571-97.                    Filed April 10, 2000.


Daniel Franklin Haines, pro se.

<u>Lisa M. Oshiro</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

RUWE, <u>Judge</u>:  Respondent determined deficiencies in petitioner's Federal income taxes and additions to tax as follows:

|       |            | Additions to tax |            |
|-------|------------|------------------|------------|
| Year  | Deficiency | Sec. 6651(a)(1)  | Sec. 6654  |
| 1992  | $53,380    | $2,757           | $275       |
| 1993  | 64,534     | 4,976            | 626        |
| 1994  | 64,065     | 4,727            | 715        |
| 1995  | 55,566     | 4,567            | 772        |

The issues for decision are: (1) Whether petitioner is subject to Federal income tax on wage income from United Airlines; (2) whether petitioner is liable for additions to tax for failing to timely file Federal income tax returns and for failing to pay estimated taxes; and (3) whether a penalty should be awarded to the United States under section 6673.[1]

### FINDINGS OF FACT

Some of the facts have been deemed stipulated[2] and are so found.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]The parties did not have a signed stipulation of facts at trial. Respondent's proposed stipulation of facts contained facts such as petitioner's address, copies of unsigned Forms 1040, with attached Forms W-2 from United Airlines, Inc., that petitioner submitted to respondent for the years at issue, and that showed petitioner's wages from United Airlines during the relevant years. Some of the facts were previously admitted in response to respondent's request for admissions.

At trial, petitioner asserted that the Forms 1040 were irrelevant and then invoked his Fifth Amendment rights about each proposed finding of fact. Based on our review of the entire record, including petitioner's various filings, we found that there was no legitimate dispute concerning the facts stated in the proposed stipulation of facts, and we granted respondent's motion to compel stipulation under Rule 91(f).

The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Spanaway, Washington, at the time he filed his petition.

During the years 1992, 1993, 1994, and 1995, petitioner was employed by United Airlines as a pilot. United Airlines paid petitioner the following wages:

| Year | Wages |
|------|-------|
| 1992 | $186,885.16 |
| 1993 | 195,700.03 |
| 1994 | 194,874.57 |
| 1995 | 174,289.54 |

Petitioner did not file timely Federal income tax returns for the tax years 1992, 1993, 1994, and 1995. Petitioner submitted unsigned Forms 1040, U.S. Individual Income Tax Return, with attached Forms W-2, Wage and Tax Statement, to respondent. The Forms 1040 each showed that they were received by respondent's Ogden Service Center on October 21, 1997. The attached Forms W-2, from United Airlines, Inc., revealed wages for each of the years in issue in the amounts stated above. The Forms 1040 reported no income in the space provided. Attached to the Forms 1040 were statements generally denying that petitioner was a taxpayer and asserting that there was no statutory authority upon which he could be taxed. The notice of deficiency for the years in issue was mailed to petitioner on December 10, 1996.

OPINION

On brief petitioner argues that: (1) Respondent has no jurisdiction over him in this matter, and therefore, the notice of deficiency is void; (2) this Court lacks subject matter jurisdiction; and (3) petitioner is not a "person" or "individual" as those terms are defined and applied in title 26.

Petitioner's arguments are reminiscent of tax-protester rhetoric that has been universally rejected by this and other courts. We shall not painstakingly address petitioner's assertions "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Williams v. Commissioner, 114 T.C. __, __ (2000) (slip op. at 5) (quoting Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984)). Accordingly, we hold that petitioner is liable for the deficiency determined by respondent.

Respondent determined that petitioner is liable for an addition to tax pursuant to section 6651(a)(1). Section 6651(a)(1) provides an addition to tax for failure to timely file a return. The addition to tax is equal to 5 percent of the amount required to be shown as tax on the return, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate. A taxpayer may avoid the addition to tax by establishing that the failure to file a timely return was

due to reasonable cause and not willful neglect. See Rule 142(a); United States v. Boyle, 469 U.S. 241, 245-246 (1985).

The Forms 1040 that petitioner submitted for the years in issue were unsigned, undated, and stamped received by respondent's Ogden Service Center on October 21, 1997, long after the due dates for filing returns for the years in issue. The only information petitioner provided on the Forms 1040 was his name, a mailing address, and his Social Security number. Where other information was required, petitioner simply wrote "not required". To each Form 1040, petitioner attached a Form W-2, as provided by United Airlines. Petitioner also attached to each Form 1040 a typed explanation as to why he "intentionally omitted non-required information from [his] [F]orm 1040."

Respondent also determined that petitioner is liable for additions to tax pursuant to section 6654. Section 6654 provides an addition to tax for failure to pay estimated taxes. Unless petitioner demonstrates that one of the statutory exceptions applies, imposition of this addition to tax is mandatory where prepayments of tax, either through withholding or by making estimated quarterly tax payments during the course of the taxable year, do not equal the percentage of total liability required under the statute. See sec. 6654(a); Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992). Petitioner bears the burden of proving his entitlement to any exception. See

Habersham-Bey v. Commissioner, 78 T.C. 304, 319-320 (1982). Petitioner failed to do so.  We hold that petitioner is liable for additions to tax under section 6654(a).

Respondent moved for a penalty under section 6673.  Under section 6673, this Court may award a penalty to the United States of up to $25,000 when the proceeding has been instituted or maintained by the taxpayer primarily for delay or if the taxpayer's position in such proceeding is frivolous or groundless.  See sec. 6673.  Based on the record, we conclude that such an award is appropriate in this case.

Petitioner has pursued a frivolous and groundless position throughout this proceeding, and he has refused to cooperate in the discovery and stipulation process.  Petitioner had previously made frivolous and groundless arguments in the U.S. Bankruptcy Court for the Western District of Washington (Bankruptcy Court) prior to our proceeding.  The Bankruptcy Court clearly informed petitioner that he is a taxpayer and that he is required to file valid income tax returns.  Petitioner has wasted the time and resources of two courts.

Petitioner knew or should have known that his position was groundless and frivolous, yet he persisted in maintaining this proceeding primarily to impede the proper workings of our judicial system and to delay the payment of his Federal income

tax liabilities.  Accordingly, a penalty is awarded to the United States under section 6673 in the amount of $25,000.

An appropriate order and decision will be entered granting respondent's motion for a penalty, and decision will be entered for respondent.